Hahn Loeser & Parks LLP
Gabe P. Wright (SBN 208647)
Kyle T. Overs (SBN 286158)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
gwright@hahnlaw.com
kovers@hahnlaw.com

Attorneys for Defendant Collection Bureau of America, Ltd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN R. MACLEAN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>COLLECTION BUREAU OF AMERICA, LTD.,<br><br>　　　Defendants. | Case No. 3:20-cv-00426-JLS-AGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLLECTION BUREAU OF AMERICA, LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Judge:　　Hon. Janis L. Sammartino<br>Trial Date:　None set<br><br>Hearing Date:　July 9, 2020<br>Hearing Time:　1:30 p.m.<br>Courtroom:　4D |

Defendant Collection Bureau of America, Ltd. ("CBA") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the Complaint filed by Plaintiff Brennan R. MacLean ("Plaintiff").

## I. INTRODUCTION

This entire action stems out of Plaintiff's allegation that CBA violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by sending a collection letter to Plaintiff. Plaintiff does not dispute that the letter stated the correct amount owed by Plaintiff or that CBA's breakdown of the amount owed into the categories of principal, interest, and fees was

correct. Instead, Plaintiff claims that because the breakdown of the fees stated $0.00 and the letter contained the "safe harbor" language set forth in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000), stating that "[b]ecause of interest, late charges, and other charges that vary from day to day, the amount due on the day you pay may be greater," he was somehow mislead into believing that fees may accrue on the amount he owed in the future. This allegation fails to support a claim under the FDCPA or RFDCPA for two reasons: (1) the statement that interest, late charges, or other charges may accrue in the future is a correct representation of California law; and (2) courts that have addressed similar language in collection letters have found the language to be appropriate and a "safe harbor" from alleged FDCPA violations. Put simply, Plaintiff cannot maintain a lawsuit against CBA for CBA making correct statements in a collection letter. Instead, this lawsuit appears to be an attempt by Plaintiff and his counsel to put CBA in the position of removing the "safe harbor" language from a collection letter so that Plaintiff and his counsel can turn around and sue CBA for not informing Plaintiff about the possibility of fees being added to the amount owed in the future.

## II.  FACTUAL BACKGROUND

Plaintiff alleges that on or about October 28, 2019, CBA sent Plaintiff a collection letter attempting to collect on an amount Plaintiff owed to East Bay Municipal Utility District. Complaint ¶¶10-11. The collection letter outlined the total amount Plaintiff owed through the following itemization:

| | |
|---|---|
| PRINCIPAL: | $296.90 |
| INTEREST: | $7.64 |
| FEES: | $0.00 |
| TOTAL AMOUNT DUE: | $304.54 |

*Id*. at ¶13. The collection letter also stated that "[a]s of the date of this letter, you owe $304.54. Because of interest, late charges, and other charges that vary from day

to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check." *Id*. at ¶14. Plaintiff alleges that because of the itemization of $0.00 in "fees" and the statement that the amount due may change because of interest, late charges, and other charges, Plaintiff believed that he may be subject to further "fees." *Id*. at ¶15. This alleged belief forms the basis of his FDCPA and RFDCPA causes of action. *Id*. at ¶¶30, 33, 39.

Notably, Plaintiff does not dispute that the itemization of the amount owed stated in the collection letter was correct, including that itemization of fees as $0.00. Plaintiff also does not allege that the collection letter stated that "fees" may vary from day to day.

## III. LEGAL STANDARD

Dismissal is proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's complaint fails to state a claim upon which relief can be granted. This can take the form of either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept't*, 901 F.2d 696, 699 (9th Cir. 1988). Although a court must accept factual allegations in a complaint as true, it need not accept conclusions or a mere recitation of elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the allegations in a complaint must meet a standard of plausibility in order to avoid dismissal. *Id*. at 679.

## IV. ARGUMENT

### A. Plaintiff's FDCPA Cause of Action Fails

"To determine a violation of the FDCPA, district courts apply a 'least sophisticated debtor' test." *Khosroabadi v. North Shore Agency*, 439 F.Supp.2d 1118, 1122 (S.D. Cal. 2006). "The least sophisticated debtor standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices, and the need to protect the debt collectors from liability

3      3:20-cv-00426-JLS-AGS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLLECTION BUREAU OF AMERICA, LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

based upon unreasonable interpretations of collection letters." *Wan v. Commercial Recovery Systems, Inc.*, 369 F.Supp.2d 1158, 1162 (N.D. Cal. 2005). As one court put it, "[w]hile the least sophisticated consumer may lack the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, he can nonetheless be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotations and citations omitted). "Whether a communication violates the FDCPA, from the perspective of the least sophisticated debtor, is a question of law for the courts." *Khosroabadi*, *supra*, 439 F.Supp.2d at 1122.

Plaintiff alleges that CBA violated 15 U.S.C. 1692e and 1692f through "false and deceptive representations" about the fees and through "unfair or unconscionable means" by attempting to collect an amount that is not "authorized by the agreement creating the debt **or permitted by law**." Complaint, ¶¶30, 32 (emphasis added). The collection letter stating that Plaintiff owed $0.00 in fees and that "[b]ecause of interest, late charges, and other charges that vary from day to day, the amount due on the day you pay may be greater," was not false, deceptive, or an attempt to collect an amount that is not permitted by law.

First, the statement that "[b]ecause of interest, late charges, and other charges that vary from day to day, the amount due on the day you pay may be greater" is legally and factually correct. Interest had already begun to accrue on the debt and would continue to do so each day going forward. Cal. Civ. Code §3287; *Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015) ("Section 3287(a) allows recovery of interest from the time the creditor's right 'is vested,' and we have previously explained that 'California cases uniformly have interpreted the 'vesting' requirement as being satisfied at the time the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined.'"). Additionally, the debt owed by Plaintiff could become the subject of fees in the

Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 ·  Fax: (619) 810-4301

future if Plaintiff failed to pay the debt and a legal proceeding was brought to collect the debt—exactly as Plaintiff alleges he was warned by the collection letter. California Code of Civil Procedure § 1032(b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Recoverable costs include "[f]iling, motion and jury fees," deposition fees, service fees, witness fees, expert witness fees, and court reporter fees. Cal. Code Civ. Proc. §§ 1033.5(a)(1), (3), (4), (7), (8), (11), (14). It is axiomatic that the collection letter explaining the truth is not a false representation or a threat of action that cannot be legally taken. As such, Plaintiff's FDCPA cause of action fails.

Second, Plaintiff's FDCPA cause of action also fails because case law has found that the language included in the collection letter here is appropriate and actually informs a consumer about the nature of the amount owed. Specifically, the language that "[b]ecause of interest, late charges, and other charges that vary from day to day, the amount due on the day you pay may be greater," is nearly identical to the language relied on by multiple Circuits as "safe harbor" language that a debt collector should include in a collection letter to avoid liability for failing to disclose that a debtor's balance may increase. *See Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76-77 (2d. Cir. 2016) (adopting the Seventh Circuit's "safe harbor" language of "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" to avoid debt collectors being subject to liability pursuant to 15 U.S.C. 1692e for misleading consumers). Indeed, if CBA did not include this "safe harbor" language in the collection letter it would potentially open itself up to other lawsuits, including those by Plaintiff and his counsel, that CBA did not accurately disclose the amount of the debt. That is, rather than suing CBA over putting $0.00 in the fee column, Plaintiff would be suing CBA for not disclosing that interest was accruing or that should CBA have to bring litigation, it could recover certain fees from Plaintiff. Plaintiff's

5    3:20-cv-00426-JLS-AGS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLLECTION BUREAU OF AMERICA, LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

unreasonable interpretation, which would require CBA to exclude this "safe harbor" language, logically should not be grounds for an FDCPA violation. Indeed, Plaintiff is attempting to place CBA in a Catch-22—it faces liability under the law whether it discloses the potential financial ramifications or not.

This District dealt with a similar issue in *Hutton v. Law Offices of Collins & Lamore*, 668 F.Supp.2d 1251 (S.D. Cal. 2009). There, the plaintiff alleged that the defendant violated the FDCPA and the RFDCPA by sending a collection later that stated "your outstanding balance due in the amount of $22,519.17, which may not include accruing interest (and does not account for changing exchange rates after the date of this letter, for accounts originated in a foreign country). As interest may continue to accrue, Please call our office to verify current balance if payment in full is made more than 30 days after the date of this letter." *Id*. at 1253. The district court granted the motion to dismiss finding that accruing interest is "a *potential* add-on to his or her present debt that cannot be specified in a [collection] letter and can only be referred to in a hypothetical sense. Hence the safe harbor language that Judge Posner crafted in *Miller:* 'Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.'" *Id*. at 1257 (emphasis in the original). Thus, the defendant's language that "interest may continue to accrue" (i.e., a "potential add-on" to the debt) did not violate the FDCPA and was, in fact, "[t]he best [the defendant] can do" as the defendant "has no idea when, if at all, the debtor will pay up." *Id*. at 1258.

Here, CBA's alleged collection letter tracks the "safe harbor" language even more closely than in *Hutton* regarding "potential add-ons" to the amount of the debt. As discussed, *supra*, the amount of fess could have, in fact, increased from $0.00 if Plaintiff failed to pay the debt. As in *Hutton*, the best that CBA could do is indicate that there may be an increase in the amount owed based on when Plaintiff paid the debt.
///

Third, Plaintiff does not allege that the collection letter stated that "fees" may vary from day to day, which is his supposed confusion about the letter. His interpretation otherwise is an unreasonable interpretation that should not be considered a violation of the FDCPA. *See Wan v. Commercial Recovery Systems, Inc.*, *supra*, 369 F.Supp.2d at 1162.

### B. Plaintiffs' RFDCPA Cause of Action Fails

Plaintiff's RFDCPA claim is based on the same alleged violations of the FDCPA (i.e., 15 U.S.C. §§ 1692e and 1692f). Complaint, ¶39. Since Plaintiff's FDCPA cause of action fails, so does his RFDCPA claim.

## V. CONCLUSION

For the foregoing reasons, the Court should grant CBA's Motion to Dismiss the Complaint without leave to amend. Plaintiff's allegation that CBA's collection later used the "safe harbor" language in correctly stating the possibility that fees may be added to the amount owed does not support a violation of the FDCPA or the RFDCPA. Correctly stating the potential financial ramifications is not a violation of either statute.

Dated: May 11, 2020                    HAHN LOESER & PARKS LLP


                                       By: /s/ Gabe P. Wright
                                           Gabe P. Wright
                                           Kyle T. Overs
                                           Attorneys for Defendant Collection
                                           Bureau of America. Ltd.

Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in this case.

*/s/ Gabe P. Wright*
Gabe P. Wright

Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

8                                3:20-cv-00426-JLS-AGS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLLECTION BUREAU OF AMERICA, LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT