1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN R. MACLEAN, | Case No.: 3:20-cv-00426-JLS-DEB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| COLLECTION BUREAU OF AMERICA, LTD., | (ECF No. 4) |
| Defendants. | |

Presently before the Court is Defendant Collection Bureau of America's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8 ("Mot.," ECF No. 4). Plaintiff filed an Opposition to the Motion ("Opp'n," ECF No. 6), and Defendant filed a Reply in Support of the Motion, ("Reply," ECF No. 7). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Parties' arguments and the relevant law, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff Brennan Maclean alleges that on or about October 28, 2019, Defendant sent Plaintiff a collection letter attempting to collect on a consumer debt. Complaint ("Compl.") ¶ 11, ECF No. 1. The subject debt stems from purportedly past due payments Plaintiff

owed to East Municipal Utility District.  *Id.* ¶ 10.  The collection letter outlined the total amount Plaintiff owed through the following itemization:

|  |  |
|---|---|
| PRINCIPAL: | $296.90 |
| INTEREST: | $7.64 |
| FEES: | $0.00 |
| TOTAL AMOUNT DUE: | $304.54 |

*Id.* ¶ 13.  The collection letter also stated that "[a]s of the date of this letter, you owe $304.54.  Because of interest, late charges, and other charges that vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check."  *Id.* ¶ 14.  The itemization of "Fees" stated "$0.00."  *Id.* ¶ 15.

Plaintiff filed suit for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692 *et seq.* (Count I)   and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 (Count II).  *See generally* Compl.   Plaintiff brings three claims against Defendant based on these allegations: (1) Defendant violated 15 U.S.C. § 1692(e), e(2)(A), e(5), and e(10) through the false and deceptive representations as to the potential future accrual of "fees" in connection with the subject debt; (2) Defendant violated § 1692f and f(1) when it unfairly suggested that it could collect "fees" in connection with the subject debt; and (3) Defendant engaged in deceptive and noncompliant conduct in its attempt to collect a debt from Plaintiff in violation of RFDCPA.  *See id*. ¶¶ 30, 33, 39 (citations omitted).  On May 11, 2020, Defendant filed this instant motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)).

1

## ANALYSIS

2    Defendant moves to dismiss Plaintiff's Count I and Count II claims for failure to

3   state a claim on the following grounds: (1) the alleged statement by Defendant that interest,

4   late charges, or other charges may accrue in the future is a correct representation of

5   California law; and (2) courts that have addressed similar language in collection letters

6   have found the language to be appropriate and a "safe harbor" from alleged FDCPA and

7   RFDCPA violations under *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark,*

8   *L.L.C.*, 214 F.3d 872 (7th Cir. 2000).  *See* Mot. at 2 (citations omitted).  In response,

9   Plaintiff  first relies on *Hoffman v. Keith D. Weiner & Assoc. Co., L.P. A.*, No. 19-C-0019,

10   2019 WL 1746353, at *1 (E.D. Wis. Apr. 18, 2019), to argue that even if the alleged

11   statement is a correct representation of California law, the language is still misleading.  *See*

12   Opp'n at 7.  Plaintiff secondly argues that the *Miller* safe harbor does not apply because

13   the statement is deceptive in the context of the collection letter.  *See id.* at 2.

14    Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt

15   collectors, to insure that those debt collectors who refrain from using abusive debt

16   collection practices are not competitively disadvantaged, and to promote consistent State

17   action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The

18   FDCPA "regulates the conduct of debt collectors, imposing affirmative obligations and

19   broadly prohibiting abusive practices."  *Gonzales v. Arrow Financial Servs.*, *LLC*, 660 F.3d

20   1055, 1060–61 (9th Cir. 2011).  To state a claim under the FDCPA, a plaintiff must show:

21   (1) that he is a consumer; (2) that the debt arises out of a transaction entered into for

22   personal, family, or household purposes; (3) that the defendant qualifies as a debt collector

23   under 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of

24   the FDCPA.  *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal.

25   2011).  Plaintiff is a consumer with debt originating from his obligation to pay the East

26   Bay Municipal District, a third-party debt collector, therefore only the fourth prong is at

27   issue.

28   ///

## I.      Whether Plaintiff Failed to State a Claim for a Violation of § 1692(e)

Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) specifically identifies "[t]he false representation of—the character, amount, or legal status of any debt" as conduct that violates § 1692e.  Sections 1692e(5) and 1692e(10) prohibit "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  In the Ninth Circuit, "liability under § 1692e of the FDCPA is an issue of law."  *Gonzales*, 660 F.3d at 1061.  Determining whether conduct violates § 1692e "requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'"  *Donohue v. Quick Collect*, *Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)).  Furthermore, the FDCPA "does not ordinarily require proof of intentional violation, and is a strict liability statute."  *Gonzales*, 660 F.3d 1055 (citing *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 667 F.3d 939, 948 (9th Cir. 2011)).  To constitute a violation of the FDCPA, the Ninth Circuit, following the Seventh Circuit, requires that a false or deceptive statement must be "material."  *Donohue*, 592 F.3d at 1033; *see Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("Materiality is an ordinary element of any federal claim based on a false or misleading statement. . . . [B]y definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." (citations omitted)).

Plaintiff does not dispute that the itemization of the debt, accrued interest, and fees stated in the collection letter were correct.  Opp'n at 3.  Defendant is expressly authorized by law to collect costs upon a prejudgment interest.  *See* California Code of Civil Procedure § 1032(b) ("Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.").  Plaintiff also admits that California recognizes prejudgment interest.  Opp'n at 4.  Therefore, as Plaintiff

requests, the Court will solely analyze whether the itemization of "fees" as $0.00 and the statement that "other charges may vary from day to day" is deceptive and misleading under the FDCPA.

Defendant contends that the language included in the collection letter is appropriate and is nearly identical to the language relied on by multiple circuits as "safe harbor" language that a debt collector should use in a collection letter. Mot. at 5.  Defendant argues *Hutton v. Law Offices of Collins & Lamore* is instructive.  668 F. Supp. 2d 1251 (S.D. Cal. 2009); Reply at 3.  The Court agrees.  In *Hutton*, the court dismissed the plaintiff's Fair Debt Collections Act claims when the collection letter informed the plaintiff of his outstanding balance and that the outstanding balance "may not include accruing interest." *Id.* at 1253.  The court stated that "there is no way in a dunning letter to specify an amount of interest that may accrue in the future, given that the collector has no idea when, if at all, the debtor will pay up." *Id.* at 1258.  The Court believes the instant case presents an even stronger case for dismissal than in *Hutton*.  Here, the language in the collection letter was almost identical to the safe harbor language articulated by Judge Posner in *Miller*.  214 F.3d at 876 (finding the safe harbor applies when the debt collector states: "As of the date of this letter, you owe $___ [the exact amount due].  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.").

Plaintiff alleges that because the fees were itemized as $0.00 with the safe harbor statement following, Plaintiff believed that the itemized fees stating "$0.00" would fall within "other charges" and could increase if the debt was not timely paid.  Opp'n at 10. Plaintiff contends that a consumer could, and would, equate the itemized "fees" as falling into the extremely broad category of "other charges. "  *Id.* at 12.  The Court does not find the language to be misleading to the least sophisticated consumer.  The statement that "other charges may vary from day to day," being separate from the itemized section where fees are indicated as "$0.00," would not cause a the least sophisticated consumer to believe that if the debt was not paid that these "fees" would then accrue as "other charges."  If so,

Defendant would have used the terminology "fees" in the safe harbor statement as it did for "interest," which was a term present in both the itemized section and the statement that followed.

Plaintiff asserts that providing "N/A" instead of "$0.00" or leaving "fees" off entirely would not be misleading. Opp'n at 5. The Court disagrees and finds that "N/A" could be misleading because Defendant does have the legal ability to collect fees in the future. *See* Reply at 5. While Defendant could have provided additional language to clarify that "fees" were not included within "other charges," the Court does not believe this rises to the level of misleading or deceptive. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (affirming dismissal of FDCPA claim under 15 U.S.C. § 1692e based on the content of the letter, stating that "[w]hile the letter could have included additional clarifying language, we do not believe that the language of the letter goes so far as to be considered false, deceptive, or misleading").

Plaintiff also contends that Defendant never intended to collect additional fees at the time it sent the collection letter. Opp'n at 6. Plaintiff relies on *Hoffman* to argue that a representation that other charges and interest could "vary day to day" is misleading when these charges could only come about in the event that a debt was reduced to a judgment. *Hoffman*, 2019 WL 1746353 at *3. *Hoffman* relies on Wisconsin law where only post-judgment interest and fees can be collected. *See id.* ("In this context, the debt collector misleads by implying that it could, as of the date of the letter, add 'interest and other charges that may vary from day to day.'"). In contrast, under California law, prejudgment interest can be collected in a collection letter. *See Diaz v. Kubler Corp.*, 785 F.3d 1326 (9th Cir. 2015) ("[P]rejudgment interest under section 3287(a) becomes available as of the day the amount at issue becomes calculable . . . mechanically, on the basis of uncontested and conceded evidence, and it is available as a matter of right." (citation omitted)). Defendant was also lawfully able to collect late charges in the agreement. Therefore, the Court finds *Hoffman* inapplicable and unpersuasive.

///

1    Defendant contends that Plaintiff's claims "draw[] an arbitrary line" and even if
2    found to be a misrepresentation, it is non-material and therefore not a violation under
3    FDCPA. Reply at 4–7. The Court agrees. Even if the least sophisticated consumer would
4    be misled to believe that the itemized fees could accrue, the Court does not find this alleged
5    misrepresentation to be material. Plaintiff was informed that interest, late charges, and
6    other charges could increase if the debt was not timely paid. The Court cannot reasonably
7    believe that even if the least sophisticated consumer assumed that "fees" could accrue, such
8    a perceived misrepresentation would cause the debtor to take a disadvantageous course of
9    action. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014)
10   (holding material statements are those that could "cause the least sophisticated debtor to
11   suffer a disadvantage in charting a course of action in response to the collection effort").

12       In sum, the Court finds that no part of the collection letter, standing alone or "read
13   as a whole," violates § 1692(e). *See Gonzales*, 660 F.3d at 1064. Plaintiff therefore fails
14   to state a plausible claim that Defendant violated § 1692(e), § 1692(e)(2), § 1692(e)(5),
15   and § 1692(e)(10) of the FDCPA. Accordingly, the Court **GRANTS** this portion of
16   Defendant's Motion.

17   **II.   Whether Plaintiff Failed to State a Claim for a Violation of § 1692(f)**

18       Under § 1692(f), "[a] debt collector may not use unfair or unconscionable means to
19   collect or attempt to collect any debt. More specifically, the Act is violated by the
20   "collection of any amount (including any interest, fee, charge, or expense incidental to the
21   principal obligation) unless such amount is expressly authorized by the agreement creating
22   the debt or permitted by law." § 1692(f)(1). Like § 1692(e), whether conduct violates
23   § 1692(f) "requires an objective analysis that takes into account whether 'the least
24   sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at
25   1030 (quoting *Guerrero*, 499 F.3d at 934).

26       Defendant contends that the statement "[b]ecause of interest, late charges, and other
27   charges that vary from day to day, the amount due on the day you pay may be greater" was
28   legally and factually correct. Mot. at 4. Defendant correctly points out that it can lawfully

recover costs, accruing interest, and late charges if Plaintiff failed to pay the debt and a legal proceeding was brought to collect the debt. *Id.* at 4–5; Cal. Code Civ. Proc. § 1032(b) ("[A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding."); Cal. Code Civ. Proc. § 1033.5(a)(1), (3), (4), (7), (8), (11), (14) (allowing recoverable costs to include filing, motion, and jury fees, deposition fees, service fees, witness fees, expert witness fees, and court reporter fees); *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1197 (9th Cir. 2019) ("[D]ebt collectors may attempt to persuade debtors to make payments, so long as the debt collector otherwise complies with statutory requirements."). Because Plaintiff fails to point to any violation of California law in the collection letter, Plaintiff fails to state a claim for relief under § 1692f(1). *See Akram v. California Bus. Bureau, Inc.*, No. 15CV2538 JAH-DHB, 2016 WL 7029262, at *4 (S.D. Cal. Oct. 3, 2016) (granting defendant's motion to dismiss under § 1692(f) and (f)(1) because "[p]laintiff's allegation [was] merely a legal conclusion and [did] not set forth facts upon which the Court could make a reasonable inference that Defendant is liable for the misconduct alleged"). Plaintiff therefore fails to state a plausible claim that Defendant violated § 1692(f) and (f)(1) of the FDCPA. Accordingly, the Court **GRANTS** this portion of Defendants' Motion.

## III.     Whether the Plaintiff Failed to State a Claim for Violation of the RFDCPA

Plaintiff alleges that Defendant's statements in the debt collection notice violated the RFDCPA under California Civil Code § 1788.17. Compl. ¶ 39. As California's version of the FDCPA, the RFDCPA "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). "[F]alse statements are also subject to the materiality requirement for purposes of the Rosenthal Act claim." *Afeweriki v. Anya Law Group*, 868 F.3d 771, 776 (9th Cir. 2017) (citations omitted). Therefore, whether a debt collector's conduct "violates the [RFDCPA] turns on whether it violates the FDCPA." *Id.* Because Plaintiff's RFDCPA claims are based on the same allegations as his FDCPA claims, the analysis above, *supra Sections I–*

*II*, applies here and Plaintiff's RFDCPA claims also fail.  Accordingly, the Court **GRANTS** this portion of Defendant's Motion.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss on all causes of action.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  Plaintiff may file an amended complaint within <u>thirty (30) days</u> of the date on which this Order is electronically docketed.

**IT IS SO ORDERED.**

Dated:  December 11, 2020

Hon. Janis L. Sammartino
United States District Judge

3:20-cv-00426-JLS-DEB